IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Tyrone Pringle,<br>    Petitioner,<br>V.<br>Thomas Carroll, Warden,<br>Delaware Correctional Center,<br>and M. Jane Brady, Attorney<br>General of the State of<br>Delaware,<br>    <u>Respondents.</u> | Civil Action No. ___ 05-660 ___<br><br>Writ of Habeas Corpus under<br>28 U.S.C.A. Sec. 2254<br><br>FILED<br>SEP -8 2005<br>U.S. DISTRICT COURT<br>DISTRICT OF DELAWARE |

## Jurisdiction

Petitioner, Tyrone Pringle, invokes the pendent jurisdiction of this Honorable Court, pursuant to and under the provisions of 28 U.S.C.A. Sec. 1331 and 1367(a); 28 U.S.C.A. Sec. 2241(a) and (5)(d); 2251; 2254(b)(1),(B)(i) and (ii); 2254(d)(1) and (2); 2254(f). United States Constitution Amendments 5, 6 and 14. Stating that:

> "There is an absence of available state corrective process, and circumstances exist that render such process ineffective to protect the rights of the petitioner."

That the Delaware state courts have descended to a behavior that is base, unfounded and in error. When the courts declined and refused to accept jurisdiction over Petitioner's state habeas corpus petitions. Thus, becoming incommunicado and refusing to respond to same. Therefore, the Petitioner invokes the pendent jurisdiction of this court, in its absolute.

That the Petitioner also invokes the rule of "stare decisis", that requires courts to abide by laws and precedents previously laid down as applicable to a similar set of facts. The Petitioner sets forth, Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), to secure the jurisdiction of this court, in-scope of the exhaustion requirements.

Wherefore: The Petitioner pray that the court will accept jurisdiction over the subject matter.

Dated: 9/6/05

Petitioner
*Tyrome Pringle*
Tyrone Pringle
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977