IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TYRONE PRINGLE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )     C.A.No. 05-660-KAJ |
| | ) |
| THOMAS CARROLL, et al., | ) |
| | ) |
| Respondents. | ) |

## ANSWER

Pursuant to the Rules Governing § 2254 Actions, 28 U.S.C. foll. § 2254, Respondents state the following in response to the petition for writ of habeas corpus:

On June 17, 2002, the New Castle County grand jury indicted Tyrone Pringle on one count of burglary in the first degree (11 *Del. C.* § 826); conspiracy in the second degree (11 *Del. C.* § 512); criminal impersonation (11 *Del. C.* § 907); resisting arrest (11 *Del. C.* § 1257); escape in the third degree (11 *Del. C.* § 1251); criminal mischief (11 *Del. C.* § 811); and possession of a firearm during the commission of a felony (11 *Del. C.* § 1447A). On July 26, 2002, Pringle failed to appear for his arraignment, and Superior Court issued a *capias* for his arrest. Pringle was arrested on other charges outside of Delaware while he was a fugitive, and he was eventually returned to Delaware on November 23, 2004 pursuant to the Interstate Agreement on Detainers (11 *Del. C.* § 2540, *et seq.*). On January 20, 2005, Pringle entered a plea of guilty to burglary in the third degree and possession of a firearm during the commission of a felony, in exchange for which the prosecution dismissed the balance of the indictment. On March 23, 2005, Pringle moved to withdraw his guilty plea, and on April 1, 2005, Superior Court granted Pringle's motion. Before his new trial date, Pringle filed two petitions for writs of habeas corpus in Superior Court, both of which Superior Court denied; the first on May 24, 2005, and the

second on July 8, 2005.  On August 23, 2005, Superior Court held a two-day jury trial.  Before trial began, the prosecution dismissed the charges of conspiracy, escape, and criminal mischief.  At the conclusion of trial, a jury found Pringle guilty of the balance of the charges in the indictment.  As of this date, Superior Court has not yet sentenced Pringle.  Sentencing is scheduled for December 9, 2005.

Pringle has listed three claims for relief in his petition: 1) that the Superior Court denied his right to due process by failing to hold his trial within 180 days of his return to Delaware under the Interstate Agreement on Detainers; 2) that Superior Court denied his Fifth and Fourteenth Amendment rights because his trial took place more than 180 days after his return to Delaware; and 3) that Superior Court violated his Eighth and Fourteenth Amendment rights by convicting him when the court allegedly lacked jurisdiction.  (D.I. 1 at 6-9).  Although listed by Pringle as three separate claims for relief, the three claims are indistinguishable insofar as they all allege that he was not tried within the 180 day period set out in 11 *Del. C.* § 2542(a) (Article III (a) of the Agreement).

Pringle's claims, as alleged, do not state a basis for federal habeas relief.  The United States Supreme Court has held that a state court's failure to observe the 120-day rule of Article IV(c) of the Agreement (codified at 11 *Del. C.* § 2543(c)) is not cognizable under section 2254 when the defendant registered no objection to the trial date at the time it was set and suffered no prejudice attributable to the delayed commencement.  *Reed v. Farley*, 512 U.S. 339, 342 (1994).  More to the point, the Third Circuit has held that violations of the 180 day provision of Article III (a) are not fundamental enough to warrant habeas relief.  *Casper v. Ryan*, 822 F.2d 1283 (3d Cir. 1987).  Here, Superior Court timely scheduled Pringle's case for trial following the return of his *capias*, and Pringle elected to enter a guilty plea.  *See United States v. Hill*, 622 F.2d 900, 905

n.9 (5th Cir. 1980) (entry of a plea bargain commences "trial" and ends the running of Article IV (c)'s 120-day clock). Pringle subsequently moved to withdraw his plea, leading to his jury trial. Because Pringle's prior guilty plea constituted "trial" for purposes of the Agreement and the subsequent delay was caused by Pringle, the fact that the eventual trial took place later does not warrant relief. *See Pizetzky v. Attorney General*, 329 F.Supp.2d 371, 372 (E.D.N.Y. 2004).

In the alternative, even if Pringle has stated a claim cognizable in federal habeas, the Court must nonetheless dismiss his petition. A state prisoner seeking federal habeas relief must first exhaust remedies available in the state courts. 28 U.S.C. § 2254(b); *Castille v. Peoples*, 489 U.S. 346, 351 (1989). In order to demonstrate that a claim has been "exhausted" in state court, a petitioner must show that he presented each claim to the Delaware Supreme Court. *Bailey v. Snyder,* 855 F.Supp. 1392, 1399 (D. Del. 1993). The habeas petitioner must afford each level of the state courts a fair opportunity to address the claims. *Doctor v. Walters,* 96 F.3d 675, 678 (3d Cir. 1993). Pringle has not presented his claims to the Delaware Supreme Court, and thus he has failed to exhaust his state remedies. *See Rose v. Lundy*, 455 U.S. 509 (1982); *Smith v. Digmon*, 434 U.S. 332 (1978).

Ordinarily, a failure to exhaust state remedies results in dismissal so that the petitioner may exhaust state remedies. *Rose,* 455 U.S. at 510. If however, there is no available state remedy, the prisoner is excused from the exhaustion requirement. *See Teague v. Lane*, 489 U.S. 288, 298 (1989). Pringle has not yet been sentenced. Once he has been sentenced, he will have thirty days to file an appeal of the Superior Court convictions and sentence to the Delaware Supreme Court. DEL. SUPR. CT. R. 6(a)(ii). Pringle thus has an available state remedy through a direct appeal which can be used to present his Interstate Agreement on Detainers claim to the Delaware Supreme Court. Pringle's failure to exhaust his available state remedies by direct

appeal of his conviction requires dismissal of the petition. *See, e.g, McDowell v. Chesney*, 2004 WL 1376591 (D. Del.) (Ex. A).

The proceedings at Pringle's trial on August 23-24, 2005 were recorded, but no transcript has yet been prepared. In the event that the Court deems production of these transcript necessary, Respondents anticipate that production of such transcript would require 90 days from the date an order by this Court. For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.

                STATE OF DELAWARE
                DEPARTMENT OF JUSTICE

                /s/_____
                Gregory E. Smith, I.D. No. 3869
                Deputy Attorney General
                820 North French Street, 7th Floor
                Carvel State Building
                Wilmington, Delaware  19801

Dated: November 15, 2005          (302) 577-8398

Case 1:05-cv-00660-KAJ    Document 13    Filed 11/15/2005    Page 5 of 5