## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TYRONE PRINGLE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. A. No. 05-660-KAJ |
| | ) |
| THOMAS L. CARROLL, Warden, et al., | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

Tyrone Pringle. *Pro se* Petitioner.

Gregory E. Smith, Deputy Attorney General, Delaware Department of
Justice, Wilmington, Delaware. Attorney for Respondents.

May 15, 2006
Wilmington, Delaware



**JORDAN, District Judge**

## I.    INTRODUCTION

Petitioner Tyrone Pringle ("Pringle") is an inmate at the Delaware Correctional Center in Smyrna, Delaware. He filed the pending petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 1) For the reasons that follow, I will dismiss his petition without prejudice.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

In June 2002, a New Castle County grand jury indicted Pringle on one count of burglary in the first degree, conspiracy in the second degree, criminal impersonation, resisting arrest, escape in the third degree, criminal mischief, and possession of a firearm during the commission of a felony. Pringle failed to appear for his arraignment scheduled for July 26, 2002, and the Superior Court issued a capias for his arrest. While he was a fugitive in another state, Pringle was arrested on other charges. He was eventually returned to Delaware on November 23, 2004 pursuant to the Interstate Agreement on Detainers. On January 20, 2005, Pringle entered a plea of guilty to burglary in the third degree and possession of a firearm during the commission of a felony, in exchange for which the prosecution dismissed the balance of the indictment. (D.I. 13)

On March 23, 2005, Pringle moved to withdraw his guilty plea. The Superior Court granted that motion on April 1, 2005. Prior to his new trial date, Pringle filed two petitions for writs of habeas corpus in the Superior Court. The Superior Court denied both petitions: the first on May 24, 2005, and the second on July 8, 2005. Before

1

Pringle's two-day jury trial commenced on August 23, 2005, the prosecution dismissed the charges of conspiracy, escape, and criminal mischief. The jury found Pringle guilty of the remaining charges contained in the indictment, and sentencing was scheduled for December 9, 2005. *Id.*

Pringle filed the instant petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 9, 2005, prior to his sentencing in state court. (D.I. 1) The State filed an answer asking the court to dismiss Pringle's federal habeas petition. (D.I. 13)

## III.    LEGAL PRINCIPLES

Federal courts are authorized to provide habeas relief only where a petitioner is in custody in violation of the constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); *Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998); *Davis v. Snyder*, 2002 WL 169261, at \*7 (D. Del. Jan. 31, 2002). Absent exceptional circumstances, a federal court cannot grant federal habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 844-45; Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000); 28 U.S.C. § 2254(c)(A petitioner "shall not be deemed to have exhausted remedies available ... if he has the right under the law of the state to raise, by any available

2

procedure, the question presented"). A petitioner must demonstrate that he fairly

presented the habeas claim to the state's highest court, either on direct appeal or in a

post-conviction proceeding. *See Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir.

1997)(citations omitted); *Coverdale v. Snyder*, 2000 WL 1897290, at *2 (D. Del. Dec.

22, 2000). Generally, if the petitioner has not exhausted state remedies, and further

state review is not clearly foreclosed, a federal court will dismiss the claims without

prejudice in order to provide the petitioner an opportunity to exhaust his claims. *Lines*,

208 F.3d at 159-60.

## IV.    DISCUSSION

Pringle's habeas petition asserts three claims: (1) the Superior Court denied his

right to due process by failing to hold his trial within 180 days of his return to Delaware

as required by the Interstate Agreement on Detainers[1] ("IAD"); (2) the Superior Court

denied his Fifth and Fourteenth Amendment rights because his trial took place more

than 180 days after his return to Delaware; and (3) the Superior Court lacked

jurisdiction over his proceeding because of the IAD violation, and therefore, it violated

his Eighth and Fourteenth Amendment rights by convicting him. These claims

essentially assert the same issue, namely, that he was not tried within the 180 day

period set out in the IAD.

Violations of the IAD are cognizable on federal habeas review. *McCandless v.*

*Vaughn*, 172 F.3d 255, 263 (3d Cir. 1999). Nevertheless, I cannot review the merits of

---

[1]The IAD is a compact adopted by states "to encourage expeditious and orderly
disposition of outstanding criminal charges filed against a person incarcerated in a
different jurisdiction." *Cooney v. Fulcomer*, 886 F.2d 41, 43 (3d Cir. 1989). Delaware's
version of the IAD is codified at DEL. CODE ANN. tit 11, § 2540 et seq.

Pringle's claims because he has failed to exhaust state remedies. When Pringle filed his petition in September 2005, he had been convicted but not yet sentenced. In its November 2005 Answer, the State explains that Pringle never presented his claims to the Delaware Supreme Court. The State also explains that sentencing is a prerequisite to exhaustion, and that, once sentenced, Pringle would have thirty days in which to appeal his conviction and sentence to the Delaware Supreme Court.

Unfortunately, Pringle appears to have misunderstood the State's explanation of the exhaustion requirement. In a "Traverse" dated November 29, 2005 (and filed on December 1, 2005), Pringle discusses his failure to appeal the denial of his two state petitions for habeas corpus relief, but he does not discuss his failure to exhaust state remedies with respect to his conviction. (D.I. 16) Thereafter, Pringle filed two motions asking me to stay his state sentencing proceeding scheduled for December 9, 2005. (D.I. 17; D.I. 19)

In a letter dated March 12, 2006, Pringle states that he was sentenced on February 10, 2006, but he does not indicate whether he appealed his conviction and sentence to the Delaware Supreme Court. (D.I. 22) If Pringle did file a timely appeal, and his direct appeal is still pending, exhaustion will not be complete until the conclusion of that proceeding. *See Evans v. Court of Common Pleas*, 959 F.2d 1227, 1234 (3d Cir. 1992) (explaining general rule that federal habeas review is unavailable until state criminal proceeding is completed); *Ross v. Carroll*, 2002 WL 31230810 (D. Del. Sept. 23, 2002). If Pringle did not file a timely appeal, he may still have an opportunity to exhaust state remedies; he can present his claims to the Superior Court

4

via a post-conviction motion filed pursuant to Delaware Superior Court Criminal Rule

61, and then appeal any adverse decision to the Delaware Supreme Court.[2]

Thus, because further state court review is not clearly foreclosed, I will dismiss

Pringle's habeas petition without prejudice to permit him an opportunity to exhaust state

remedies. Additionally, I will deny Pringle's motion to stay his state court sentencing as

moot, since he has already been sentenced.[3]

## V.   CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court

must also decide whether to issue a certificate of appealability. See Third Circuit Local

Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner

makes a "substantial showing of the denial of a constitutional right" by demonstrating

"that reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473,

484 (2000).

---

[2]Admittedly, if Pringle did not file a direct appeal, the state courts may conclude that he is barred from presenting the claims on collateral review. See Del. Super. Ct. Crim. R. 61(i)(3). However, in these circumstances, whether or not the state courts will reach the merits of Pringle's claims on collateral review does not affect my determination of the exhaustion issue. See Lines, 208 F.3d at 163 (explaining that "[i]f the federal court is uncertain how a state court would resolve a procedural default issue, it should dismiss the petition for failure to exhaust state remedies even if it is unlikely that the state court would consider the merits").

[3]A stay of the instant proceeding is inappropriate for two reasons: Pringle has not presented a mixed petition containing both exhausted and unexhausted claims, and Pringle's ability to file a timely § 2254 petition is not clearly foreclosed by the one-year limitation period imposed by 28 U.S.C. § 2244(d). See Rhines v. Weber, 544 U.S. 269 (2005).

5

I have concluded that Pringle's petition contains only unexhausted claims, and therefore, I am dismissing it without prejudice. Reasonable jurists would not find this conclusion to be unreasonable. Thus, I will not issue a certificate of appealability.

## VI.  CONCLUSION

For the reasons stated, I conclude that Pringle's § 2254 petition must be dismissed without prejudice for failure to exhaust state remedies. An appropriate order shall issue.

6